**STATE OF WEST VIRGINIA**

**R.A.**
**Respondent Below, Petitioner**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1251** (Braxton County 12-DV-36)

**T.A.**
**Petitioner Below, Respondent**


### MEMORANDUM DECISION

Petitioner R.A. ("Petitioner Husband"), *pro se*, appeals the order of the Circuit Court of Braxton County affirming the Family Court of Braxton County's entry of a Domestic Violence Protective Order ("DVPO"). Respondent T.A. ("Respondent Wife"), did not file a response and made no appearance before this Court.[1]

This Court has considered the petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a domestic violence incident in August of 2012, where Petitioner Husband was hitting his eight-year-old step-son at a campground. Respondent Wife intervened, at which time Petitioner Husband shoved her down. Bystanders at the campsite called police and Petitioner Husband was arrested. Respondent Wife then filed for a protective order.

On September 5, 2012, the family court entered a DVPO effective until March 4, 2013, after finding that Petitioner Husband placed Respondent Wife in reasonable apprehension of physical harm. The court specifically found that Petitioner Husband was disciplining his step-son and Respondent Wife intervened, causing Petitioner Husband to push Respondent Wife. The family court noted that Respondent Wife claimed to have previously filed and received a DVPO

---

[1]Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondent has failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor simply because respondent failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).

against Petitioner Husband in Kanawha County, and Petitioner Husband admitted to pleading guilty to domestic assault in Kanawha County while he was represented by counsel. The family court also denied Petitioner Husband's motion for contempt regarding Respondent Wife's use of a checking account, and granted Respondent Wife the use of a 2003 minivan.

Petitioner Husband appealed the DVPO to the circuit court on September 11, 2012. The circuit court then entered an order denying the appeal. The circuit court noted that this domestic violence incident is also the precipitating factor in an abuse and neglect case filed in Braxton County. The court also noted that Petitioner Husband's concerns over the property were addressed when the family court placed the property in a constructive trust to prevent either party from destroying or wasting it. Moreover, the circuit court noted that many of the documents attached to the appeal were from an incomplete report from a 2007 child protective services case which have no bearing on the domestic violence incident herein. The DVPO was ordered to remain in effect.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Moreover, this Court has stated "[t]o allow proper judicial review, a family court judge who issues a domestic violence protective order is required to make factual findings which describe the acts of domestic violence that have been established by the evidence presented and to identify which statutory definition of domestic violence such facts demonstrate." Syl. Pt. 2, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W.Va. 702, 591 S.E.2d 260 (2003).

On appeal, Petitioner Husband argues that the circuit court erred in affirming the DVPO. He also argues that the circuit court erred in giving Respondent Wife the use of the van and the home, and that Respondent Wife violated the DVPO by transferring $13,169 out of a brokerage account that did not include her name, as the DVPO says that neither party could transfer or convey property. Finally, petitioner argues that Respondent Wife committed perjury regarding the allegations of domestic violence.

This Court finds that the findings of fact supporting entry of the DVPO were not clearly erroneous and that the family court did not abuse its discretion. Petitioner Husband argues on appeal that Respondent Wife was not the victim of domestic violence, but this Court finds that Petitioner Husband's reliance on the incomplete Petition for Abuse and Neglect is misplaced. The evidence clearly supports Respondent Wife's allegations. As to Petitioner Husband's argument that Respondent Wife violated the DVPO by transferring money out of a brokerage account, the evidence shows that the money was transferred several days prior to the entry of the DVPO. Petitioner Husband's remaining allegations deal with property matters more properly

2

handled by the family court in the parties' pending divorce action and therefore will not be addressed by this Court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3